UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 17-45621

OLIVIA WISE,                                                        Chapter 7

               Debtor.                                    Judge Thomas J. Tucker
_____/

NORMAN WISE,

               Plaintiff,

v.                                                                  Adv. Pro. No. 17-4534

OLIVIA WISE,

               Defendant.
_____/

DANIEL M. MCDERMOTT,
UNITED STATES TRUSTEE,

               Plaintiff,
                                                                    Adv. Pro. No. 17-4535
v.

OLIVIA WISE,

               Defendant.
_____/

**OPINION AND ORDER REGARDING THE
ISSUE WHETHER THERE WAS A BLANKET WAIVER OF ATTORNEY-CLIENT
PRIVILEGE BY DEFENDANT, WITH RESPECT TO PLAINTIFFS' EXHIBIT 37**

These adversary proceedings came before the Court for trial, on May 22, 2018 and on

June 5, 2018. Confirming action taken by the Court during the June 5, 2018 day of trial, and for

the reasons stated by the Court on the record, the Court entered an Order on June 6, 2018

(Docket # 94 in Adv. No. 17-4534 and Docket # 58 in Adv. No. 17-4535, the "June 6 Order").

The June 6 Order permitted the parties to brief the following question, and set deadlines for the parties to do so:

> [Whether, as argued by Plaintiffs,] Defendant Olivia Wise waived any attorney-client privilege she may have had with respect to any part of Plaintiff's Exhibit 37, by failing to object or otherwise assert the privilege in any way at any time before the June 5, 2018 day of trial, in response to the Plaintiff United States Trustee's document requests filed and served on March 19, 2018 in *McDermott v. Rebeck, et al.*, Adv. No. 18-4042 (Document Request No. 1, at Docket ## 41, 42).

Plaintiff Norman Wise and the Defendant each filed timely briefs (Docket ## 95, 96 in Adv. No. 17-4534). Plaintiff McDermott did not file a brief. The Court has considered the briefs, as well as the oral arguments made by counsel during the June 5, 2018 day of trial, and will now rule on the question stated above.

The Court answers the question stated above in the negative. That is, the Court finds and concludes that Defendant did not waive any attorney-client privilege that otherwise existed with respect to Plaintiffs' Exhibit 37, by failing to object or otherwise assert the privilege in any way at any time before the June 5, 2018 day of trial.[1]

The Court further finds and concludes that:

1. Defendant is not and never has been a party in Adv. No. 18-4042, and Defendant had no duty herself to try to raise, in that adversary proceeding, any claim of privilege with respect to any documents disclosed or produced by Chelsea Rebeck in that adversary proceeding.

---

[1] As Defendant's brief concedes, however, Defendant has waived any attorney-client privilege with respect to certain text messages on unnumbered pages 13-16 of Plaintiffs' Exhibit 37, by seeking and obtaining the admission into evidence of those portions of the exhibit, and by Defendant's June 5, 2018 testimony at trial about them. That was an intentional waiver, to which Fed. R. Evid. 502(a) applies. The Court expresses no opinion at this time about whether or to what extent that intentional waiver extends to other parts of Plaintiffs' Exhibit 37, under Rule 502(a).

2. Subject to certain possible exceptions under the law, Defendant's attorney Chelsea Rebeck at all times has had a duty not to disclose communications between herself and Defendant Olivia Wise that are protected by the attorney-client privilege, without first obtaining the express authorization by Olivia Wise to do so. And there is no evidence presented to date that Olivia Wise ever gave Ms. Rebeck authorization to disclose any such privileged communications to anyone.

3. There is no evidence presented to date that Chelsea Rebeck intended to produce or did produce in discovery, in Adv. No. 18-4042, the Plaintiffs' Exhibit 37 document, in whole or in any part, for the purpose of defending herself from any claim of wrongdoing, or that production of any part of that document in fact was reasonably necessary to defend herself from any claim of wrongdoing.

4. There is no evidence presented to date to show the existence of any exception of the type referred to in Paragraph No. 2 above, that would permit Chelsea Rebeck to produce or disclose any part of the Plaintiffs' Exhibit 37 document, to the extent that document contained or disclosed communications that are protected by the attorney-client privilege.

5. Under the circumstances, the disclosure of the Plaintiffs' Exhibit 37 document by Chelsea Rebeck, in discovery in Adv. No. 18-4042, is not deemed to have been a disclosure of such document by or on behalf of Defendant Olivia Wise, for purposes of Fed. R. Evid. 502(a) or 502(b).

6. Defendant Olivia Wise at all times had the right to assume, and to rely on the assumption, that Chelsea Rebeck would not, without Olivia Wise's express permission, disclose or produce to anyone, including in response to discovery in Adv. No. 18-4042, any part of the Plaintiffs'

Exhibit 37 document that was protected by the attorney-client privilege, without Ms. Rebeck first timely asserting that privilege, and then being ordered by the Court to produce or disclose such document notwithstanding the assertion of privilege. There was no obligation on the part of either Defendant Olivia Wise or her attorney in the present adversary proceedings (Thomas Morris) to remind Ms. Rebeck of her duty to protect the attorney-client privilege which belonged to Defendant Olivia Wise, or otherwise to police the performance by Ms. Rebeck of such duty.

7. Under the circumstances of this case, Defendant Olivia Wise's assertion of attorney-client privilege with respect to Plaintiffs' Exhibit 37, first made during the June 5, 2018 day of trial, was timely.

8. Defendant may continue to assert that any part of Plaintiffs' Exhibit 37 is protected by the attorney-client privilege, with the exception of the specific part identified in footnote 1 above. And to the extent any such privilege assertions are disputed by either of the Plaintiffs, on any ground other than the waiver ground addressed by this Opinion and Order, the Court will hear the arguments of the parties and will rule to what extent the privilege applies.

    IT IS SO RULED AND SO ORDERED.

**Signed on June 14, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**